E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
COURTNEY N. WILLIAMS (Cal. Bar No. 339301)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 368-1473
     Facsimile: (951) 276-6202
     Email:    Courtney.N.Williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 21-232-JWH |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LAURO CARLOS JIMENEZ, JR. |
| v. | |
| LAURO CARLOS JIMENEZ, JR., | |
| Defendant. | |

1.    This constitutes the plea agreement between Lauro Carlos Jimenez, Jr. ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the  Court determines

1

1  that it will not accept this agreement, absent a breach of this

2  agreement by defendant prior to that determination and whether or

3  not defendant elects to withdraw any guilty plea entered pursuant to

4  this agreement, this agreement will, with the exception of paragraph

5  19 below, be rendered null and void and both defendant and the USAO

6  will be relieved of their obligations under this agreement.

7  Defendant agrees, however, that if defendant breaches this agreement

8  prior to the Court's determination whether or not to accept this

9  agreement, the breach provision of this agreement, paragraphs 21

10  below and 22 below, will control, with the result that defendant

11  will not be able to withdraw any guilty plea entered pursuant to

12  this agreement, the USAO will be relieved of all of its obligations

13  under this agreement, and the Court's failure to follow any

14  recommendation or request regarding sentence set forth in this

15  agreement will not provide a basis for defendant to withdraw

16  defendant's guilty plea.

17                         DEFENDANT'S OBLIGATIONS

18       3.   Defendant agrees to:

19            a)   Participate in the Conviction And Sentence

20  Alternative ("CASA") program, pursuant to the terms set forth in the

21  CASA Program Contract attached as Exhibit A.

22            b)   At the earliest opportunity requested by the USAO and

23  provided by the Court, appear and plead guilty to Count Two of the

24  Indictment in United States v. Lauro Carlos Jimenez, Jr., ED CR No.

25  21-232-JWH, which charges defendant with threatening a federal

26  official and his immediate family, in violation of 18 U.S.C.

27  § 115(a)(1)(B).

28            c)   Not contest facts agreed to in this agreement.

                                    2

1          d)    Abide by all agreements regarding sentencing
2  contained in this agreement.

3          e)    If defendant successfully completes the CASA program,
4  affirmatively recommend to the Court that it impose sentence in
5  accordance with paragraph 13 of this agreement.

6          f)    Appear for all court appearances, including all CASA
7  program appearances, surrender as ordered for service of sentence,
8  obey all conditions of any bond, and obey any other ongoing court
9  order in this matter.

10         g)    Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
13 not within the scope of this agreement.

14         h)    Be truthful at all times with the United States
15 Probation and Pretrial Services Office and the Court.

16         i)    Pay the applicable special assessment at or before
17 the time of sentencing unless defendant has demonstrated a lack of
18 ability to pay such assessments.

19                       THE USAO'S OBLIGATIONS
20     4.    The USAO agrees to:

21         a)    Consent to defendant's participation in the CASA
22 program, pursuant to the terms set forth in the CASA Program
23 Contract attached as Exhibit A.

24         b)    Not contest facts agreed to in this agreement.

25         c)    Abide by all agreements regarding sentencing
26 contained in this agreement.

27         d)    At the time of sentencing, provided that defendant
28 demonstrates an acceptance of responsibility for the offense up to

                               3

1  and including the time of sentencing, recommend a two-level

2  reduction in the applicable Sentencing Guidelines offense level,

3  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move

4  for an additional one-level reduction if available under that

5  section.

6       e)   If defendant successfully completes the CASA program,

7  affirmatively recommend to the Court that it impose sentence in

8  accordance with paragraph 13 of this agreement.

9       f)   At the time of sentencing, move to dismiss the

10 remaining counts of the Indictment as against defendant.  Defendant

11 agrees, however, that at the time of sentencing the Court may

12 consider any dismissed charges in determining the applicable

13 Sentencing Guidelines range, the propriety and extent of any

14 departure from that range, and the sentence to be imposed.

15                       NATURE OF THE OFFENSE

16      5.   Defendant understands that for defendant to be guilty of

17 the crime charged in Count Two, that is, threatening federal

18 officials and their immediate family, in violation of 18 U.S.C.

19 § 115(a)(1)(B), the following must be true: (1) defendant threatened

20 to assault a federal official/employee, or their immediate family

21 member, with the intent to impede, intimidate, interfere with, or

22 retaliate against that official/employee; and (2) the

23 official/employee was engaged in, or the threat was on account of

24 the performance of, the official/employee's official duties.

25                            PENALTIES

26      6.   Defendant understands that the statutory maximum sentence

27 that the Court can impose for a violation of 18 U.S.C.

28 § 115(a)(1)(B), as charged in Count Two of the Indictment, is: 10

                                4

years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject

1  defendant to: removal, also known as deportation, which may, under
2  some circumstances, be mandatory; denial of citizenship; and denial
3  of admission to the United States in the future.  The Court cannot,
4  and defendant's attorney also may not be able to, advise defendant
5  fully regarding the immigration consequences of the felony
6  conviction in this case.  Defendant understands that unexpected
7  immigration consequences will not serve as grounds to withdraw
8  defendant's guilty plea.

9                                FACTUAL BASIS

10      10.  Defendant admits that defendant is, in fact, guilty of the
11  offense to which defendant is agreeing to plead guilty.  Defendant
12  and the USAO agree to the statement of facts provided below and
13  agree that this statement of facts is sufficient to support a plea
14  of guilty to the charge described in this agreement and to establish
15  the Sentencing Guidelines factors set forth in paragraph 12 below
16  but is not meant to be a complete recitation of all facts relevant
17  to the underlying criminal conduct or all facts known to either
18  party that relate to that conduct.

19      From at least August 2021 through November 2021, defendant
20  called Victim A, a United States Congressman, at Victim A's
21  Hesperia, California and Washington D.C. congressional offices and
22  left hundreds of voicemails where, among other things, defendant
23  threatened to kill or physically harm Victim A and/or the Victim A's
24  immediate family.  These threats were made because of Victim A's
25  political affiliations and beliefs.  Defendant's actions escalated
26  when, for example, he showed up at Victim A's Hesperia office.
27  After defendant left Victim A's Hesperia office, defendant left more
28  voicemails where he made more threats.

1    To be clear, defendant, while within the Central District of
2 California, on, among other dates, October 6, 2021, October 7, 2021
3 (twice), and November 14, 2021, knowingly threatened to assault
4 Victim A, an United States official, and/or Victim A's immediate
5 family, with the intent to impede, intimidate, and interfere with
6 Victim A while Victim A was engaged in the performance of official
7 duties, and with the intent to retaliate against Victim A on account
8 of the performance of Victim A's official duties.

9                 SENTENCING FACTORS AND AGREED-UPON SENTENCE

10    11.  Defendant understands that in determining defendant's
11 sentence the Court is required to calculate the applicable
12 Sentencing Guidelines range and to consider that range, possible
13 departures under the Sentencing Guidelines, and the other sentencing
14 factors set forth in 18 U.S.C. § 3553(a).  Defendant understands
15 that the Sentencing Guidelines are advisory only.

16    12.  Defendant and the USAO agree to the following applicable
17 Sentencing Guidelines factors:

18    Base Offense Level:          12    [U.S.S.G. § 2A6.1(a)(1)]
19    More than two threats:       +2   [U.S.S.G. § 2A6.1(b)(2)(A)]

20    13.  If defendant successfully completes the CASA program,
21 defendant and the USAO agree that, taking into account the factors
22 listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing
23 guideline factors set forth above, an appropriate disposition of
24 this case is that the Court impose a sentence of: three years of
25 probation subject to conditions to be fixed by the Court which shall
26 include the conditions set forth in Attachment A and $100 special
27 assessment.

28

                                     7

14.   If defendant does not successfully complete the CASA program, defendant and the USAO agree that, except as set forth in paragraphs 4(d) and 12 above, defendant and the USAO have no agreement as to the applicable Sentencing Guidelines factors, any departures or variances from the applicable Sentencing Guidelines range, or the appropriate sentence, and both defendant and the USAO will have the right to argue for any sentence within the applicable statutory maximum.

## WAIVER OF CONSTITUTIONAL RIGHTS

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17.    Defendant agrees that, if defendant successfully completes the CASA program and the Court imposes a sentence of probation as specified in paragraph 13 above, defendant gives up the right to appeal any portion of that sentence.  If defendant does not successfully complete the CASA Program, defendant agrees that, provided the Court imposes either probation or a total term of imprisonment on all counts of conviction of no more than the high end of the Guidelines range calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the

fine imposed by the Court, provided it is within the statutory

maximum; (d) to the extent permitted by law, the constitutionality

or legality of defendant's sentence, provided it is within the

statutory maximum; (e) the term of probation or supervised release

imposed by the Court, provided it is within the statutory maximum;

and (f) any of the following conditions of probation or supervised

release imposed by the Court: the conditions set forth in Second

Amended General Order 20-04 of this Court; the drug testing

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

alcohol and drug use conditions authorized by 18 U.S.C.

§ 3563(b)(7).

    18.   The USAO agrees that, if defendant successfully completes

the CASA program and the Court imposes a sentence of probation as

specified in paragraph 13 above, the USAO gives up its right to

appeal any portion of that sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

    19.   Defendant agrees that if, after entering a guilty plea

pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was

involuntary, then (a) the USAO will be relieved of all of its

obligations under this agreement; and (b) should the USAO choose to

pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations

will be tolled between the date of defendant's signing of this

agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-indictment delay, or any speedy

10

trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing
this agreement.

EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution
of all required certifications by defendant, defendant's counsel,
and an Assistant United States Attorney.

BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any
of defendant's obligations under this agreement ("a breach"), the
USAO may declare this agreement breached.   All of defendant's
obligations are material, a single breach of this agreement is
sufficient for the USAO to declare a breach, and defendant shall not
be deemed to have cured a breach without the express agreement of
the USAO in writing.   If the USAO declares this agreement breached,
and the Court finds such a breach to have occurred, then: (a) if
defendant has previously entered a guilty plea pursuant to this
agreement, defendant will not be able to withdraw the guilty plea,
(b) the USAO will be relieved of all its obligations under this
agreement, and (c) the Court's failure to follow any recommendation
or request regarding sentence set forth in this agreement will not
provide a basis for defendant to withdraw defendant's guilty plea.

22.   Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

    a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND THE UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

    23.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will

determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 12 and 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

25.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          26.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

7
     E. MARTIN ESTRADA
8    United States Attorney

9    *Courtney N. Williams*                        8/9/23

10   COURTNEY N. WILLIAMS                           Date
     Assistant United States Attorney

11   *Lauro Carlos Jimenez Jr.*                     2 Aug 2023

12   LAURO CARLOS JIMENEZ, JR.                      Date
     Defendant

13   *Jessaka Menzie*                               2 AUG 2023

14   ANGELA C. C. VIRAMONTES                        Date
     JESSAKA MENZIE

15   Deputy Federal Public Defenders

16   Attorneys for Defendant
     LAURO CARLOS JIMENEZ, JR.

17

18   ///

19   ///

20

21

22

23

24

25

26

27

28

                                   14

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____
LAURO CARLOS JIMENEZ, JR.        Date    2 Aug 2023
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Lauro Carlos Jimenez, Jr.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the

15

1  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

2  Sentencing Guidelines provisions, and of the consequences of

3  entering into this agreement.  To my knowledge: no promises,

4  inducements, or representations of any kind have been made to my

5  client other than those contained in this agreement; no one has

6  threatened or forced my client in any way to enter into this

7  agreement; my client's decision to enter into this agreement is an

8  informed and voluntary one; and the factual basis set forth in this

9  agreement is sufficient to support my client's entry of a guilty

10  plea pursuant to this agreement.

11

12  _____        _2 AUG 2023_____

    ANGELA C. C. VIRAMONTES        Date

13  JESSAKA MENZIE

14  Deputy Federal Public Defenders

15  Attorneys for Defendant

    LAURO CARLOS JIMENEZ, JR.

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CONTRACT FOR PARTICIPATION
CONVICTION AND SENTENCE ALTERNATIVES ("CASA") PROGRAM
POST-GUILTY PLEA DIVERSION

Name:                    Lauro Carlos Jimenez Jr.
Docket#:                 United States v. Jimenez 21-232-JWH

Offense(s):    18 U.S.C. 115(a)(1)(A), (B): Threatening Federal officials and Their Immediate
Family

## INTRODUCTION

You have been invited to participate in the Conviction and Sentence Alternatives ("CASA")
program of the Central District of California as part of post-guilty plea diversion.   Participation
is entirely voluntary but will require you to enter guilty plea to one or more of the criminal
charges currently pending against you in the case referenced above.   The Court will need to
make a final determination whether to accept your guilty plea and plea agreement before you can
begin participation in the CASA program. If the Court agrees to accept your guilty plea and plea
agreement, in doing so approving your participation, and you thereafter successfully complete
the CASA program, then, as specified in the plea agreement pursuant to which you enter your
guilty plea, you will receive a sentence that does not include a term of imprisonment.

## CASA PROGRAM BASICS

The CASA Program will last at least one year, with the possibility that it may be extended up to
no more than two years.   Participants in the program will have their cases referred to the CASA
Program Judicial Officer before whom they will enter guilty pleas pursuant to plea agreements
with the United States Attorney's Office for the Central District of California ("USAO").   If the
CASA Program Judicial Officer accepts a Participant's guilty pleas and plea agreement, it will
constitute final approval for participation in the CASA program, which will include a period of
supervision by a CASA Program Pretrial Services Officer ("CPPSO").   Participants agree to
participate in a drug and alcohol evaluation and in any and all treatment and testing
recommended.   In addition to the requirements of actively engaging in any treatment and testing
that may be recommended for substance abuse issues, Participants are also required to participate
in programs designed to address underlying causes of criminal activity and to comply with all
conditions of post-guilty plea diversion that may be required by the plea agreements pursuant to
which they entered their guilty plea and by the CPPSO.

You will be assigned an attorney from the Federal Public Defender's Office ("DFPD") who is
assigned to the CASA program.   An Assistant United States Attorney ("AUSA") will also be
assigned to the CASA program.   Both the DFPD and AUSA will work with the CPPSO to
provide additional support and encouragement for your success in the CASA program.

**CASA PROGRAM APPEARANCES**

At least once per month, at a time to be determined, you will be required to appear before the CASA Program Judicial Officer to evaluate your progress.   Every effort will be made to ensure the time of the appearance does not conflict with your employment or treatment or other programming.   The CPPSO, DFPD, and AUSA will be present, as will treatment and/or other program providers.   Progress reports from the CPPSO will be provided to the Judicial Officer, the DFPD, and the AUSA.   These reports will describe both successes and problems you have experienced.   During the appearances to evaluate your progress, there will be no court reporter present, and court proceedings will not be transcribed.   By signing this contract, you waive your right to have a court reporter transcribe the court proceedings at these appearances.   A court reporter will be present to transcribe any contested violation hearing or any contested hearing to determine whether to terminate you from the CASA program.

**CASA PROGRAM TREATMENT AND COUNSELING PROGRAMS**

An important part of the CASA program will be your participation in substance abuse treatment and counseling programs and/or other programs addressing underlying causes of criminal activity as determined necessary by the CPPSO and the other members of the CASA Program Team.   Treatment and other program providers will be expected to share information regarding your participation and progress in any treatment and counseling programs with all of the members of the CASA Program Team, including the CASA Program Judicial Officer, CPPSO, DFPD, AUSA, and any research partner evaluating the CASA program.   Treatment and other program providers will also be present at CASA program appearances, at which they will be expected to discuss your participation and progress with all of the members of the CASA Program Team.   To enable treatment and other program providers to freely share information regarding your participation and progress in substance abuse treatment and counseling programs and other programs, you will be required to execute a waiver of confidentiality in the form attached as Exhibit A.

**LIMITED USE OF STATEMENTS MADE DURING PROGRAM APPEARANCES**

Another important part of the CASA program is your complete candor during your CASA program appearances.   To encourage your candor, the USAO has agreed as follows:

(A)    Except as otherwise provided in subparagraph (B) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer in evidence in its case-in-chief any statements you make or any documents or other information you provide during your CASA program appearances ( collectively "CASA program statements").

(B)    Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO may use (i) information derived directly or indirectly from CASA program statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and (ii) CASA program statements and all evidence obtained directly or indirectly from CASA program statements for

3

the purpose of cross-examination should you testify, or to refute or counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

The USAO's agreement in subparagraph (A) above is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.   Moreover, the USAO's agreement in subparagraph (A) above is limited to CASA program statements and does not apply to any statements made or documents or other information provided by you at any other time, whether oral, written, or recorded.

**CASA PROGRAM SUPERVISION VIOLATIONS AND SANCTIONS**

CASA program supervision violations and sanctions will ordinarily be handled on the regularly scheduled CASA program calendar.   The CASA Program Judicial Officer, however, can schedule an appearance at any time.   Sanctions and modifications regarding treatment and other programs may also be handled on an expedited basis with the consent of the parties and the CASA Program Judicial Officer.

If a progress report contains an allegation of noncompliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pre-trial supervision when they are accused of violating supervision.   If you do so, there will be no hearing on whether the allegation is true and the CASA Program Judicial Officer will decide whether a CASA program sanction is appropriate.   As noted above, noncompliance may be handled on an expedited basis outside the presence of the CASA Program Judicial Officer if all parties agree.

Noncompliant behavior by you, the Participant, will result in sanctions.   The range of possible sanctions has been drafted broadly to assure that some level of sanction is available for every type of violation.   Factors that will influence the type of sanction employed include the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation, or between violations.   In addition, an important factor will be whether you voluntarily disclose the violation.   Dishonesty on your part will result in enhanced sanctions.   Depending on these factors, any of the sanctions listed below -- including termination from the CASA program -- is available.   As a general rule, where there are repeat violations, more serious sanctions will be applied.   Sanctions may include, but are not limited to:

- Judicial reprimand delivered during CASA program proceedings in front of other CASA program Participants
- Order to attend and observe pre-determined CASA program proceedings
- Order to submit written assignment (for example, write out an explanation for your non-compliant behavior and describe a plan to correct it or write out a list of the special conditions of your post-guilty plea diversion and explain how you violated those conditions and how you plan to avoid similar violations in the future)
- Curfew restriction for up to 30 days

4

- Increase in frequency of progress hearings before the CASA Program Judicial Officer
- Order to participate in community service as part of the CASA program
- Order to complete a term of home confinement (with conditions that may include alcohol monitors and standard location monitoring with GPS)
- Order to complete a term of up to 30 days at a residential reentry center
- Order to complete a term at a residential substance abuse treatment facility
- Order to spend up to 7 days in jail
- Termination from CASA program

If appropriate, sanctions may be ordered more than once during the course of the CASA program.

If you admit to the violation, you may be able to complete the sanction and remain in the CASA program.   When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through a modification without an appearance before the CASA Program Judicial Officer.   The CPPSO's report at the next CASA program appearance will inform the CASA Program Judicial Officer whether you properly completed the sanction ordered at the last appearance.   Failure to complete ordered sanctions may result in added sanctions, or termination from the CASA program.

If you wish to contest the violation allegation, you may do so.   The only permissible contested hearing in the CASA program, however, is a claim of actual innocence of the alleged violation. If you wish to have a contested hearing, the DFPD will assist you in contesting the violation allegation.   The CASA Program Judicial Officer will ultimately decide whether the allegation is true.

It is important to note that the CPPSO need not wait until your scheduled program appearance to address problems in supervision.   If you fail to abide by directions of the CPPSO, or if the CPPSO believes that you have committed other violations of your supervision, the CPPSO will have discretion to contact you directly to address the violation; to arrive at a proposed method of addressing the violation through discussions with the CASA Program Judicial Officer, DFPD, and/or AUSA; or to request the issuance by the CASA Program Judicial Officer of a warrant for your arrest.

**TERMINATION FROM THE CASA PROGRAM**

You may be involuntarily terminated from the CASA program if you fail to participate in treatment or other programs or if you violate the terms of the CASA program or your post-guilty plea diversion -- including failure to make CASA program court appearances, failure to participate actively in the CASA program, repeated drug use, or a new law violation.   Final decisions regarding involuntary termination will be made by the CASA Program Judicial Officer.   If you are involuntarily terminated from the CASA program, you will return to regular pretrial supervision and your case will be set for sentencing before the CASA Program Judicial Officer – in imposing sentence, the CASA Program Judicial Officer will not be bound to provide the benefits that your plea agreement would have required had you successfully completed the

CASA program.

You may also at any time voluntarily discontinue your participation in the program and have your criminal case set for sentencing before the CASA Program Judicial Officer – again, however, in such an instance, the CASA Program Judicial Officer will not be bound to provide the benefits that your plea agreement would have required had you successfully completed the CASA program.

Whether your termination from the CASA program is voluntary or involuntary, the CASA Program Judicial Officer will be aware of, and can consider in imposing sentence, all conduct that has taken place during your participation in the CASA program, including successes, failures, and sanctions that occurred during your participation in the CASA program.

**GRADUATION AND BENEFITS**

Upon successful completion of the CASA program, as determined by the CASA Program Judicial Officer and the other members of the CASA Program Team subject to the minimum requirement that, if you are determined to have a substance abuse issue, you have demonstrated at least six months of continuous sobriety, you will receive the benefits specified in your plea agreement, which will include imposition of a sentence that does not include a term of imprisonment.

**AGREEMENT TO PARTICIPATE**

Participant:

I,_____, have read, or someone has read to me in the language I best understand, this Contract and the plea agreement that would be a condition of my participation in the CASA program.   I have discussed this Contract and the plea agreement with my attorney and I understand its terms.   I have also discussed with my attorney the CASA program and I understand that program.   I voluntarily agree to participate in the CASA program subject to the terms set forth in this Contract and the plea agreement.   I understand I can revoke my voluntary participation in the CASA program at any time and that, if I do so, my criminal case will be set for sentencing before the CASA program judicial officer without any obligation to provide me the benefits set forth in the plea agreement for successful completion of the CASA program.


_____          _____
Signature                                                                        Date
Lauro Carlos Jimenez Jr.


CASA Program Deputy Federal Public Defender:

I, _____, the Deputy Federal Public Defender representing the Participant in connection with the CASA program, have discussed the CASA program, the plea

6

agreement that would be a condition of participation in the CASA program, and this Contract with the Participant and the Participant's attorney in the underlying criminal matter.  I believe that the Participant understands the CASA program, the terms of the plea agreement that would be a condition of participation in the CASA program, and the terms of this Contract, and that the Participant's agreement to participate in the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of participation in the CASA program is knowingly and voluntarily made.


_____                    _____
Signature                                               Date




CASA Program Assistant United States Attorney:

I,_____, the Assistant United States Attorney representing the United States Attorney's Office for the Central District of California (the "USAO") in the CASA program, agree to the terms of this Contract on behalf of the USAO and accept the above named Participant into the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____                    _____
Signature                                               Date




CASA Program Pretrial Services Officer:

I, _____, the Pretrial Services Officer assigned to the CASA program, accept the above-named Participant into the CASA program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the CASA program.


_____                    _____
Signature                                               Date




CASA Program Judicial Officer:

Subject to the Court's acceptance of the Participant's guilty plea(s) and plea agreement, the Court hereby accepts the above-named Participant into the CASA Program subject to the terms of this

Contract and the plea agreement that would be a condition of the Participant's participation in the
CASA program.

_____                    _____
Signature                                            Date

8